UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY FLETCHER as Guardian Ad Litem for PATRICIA A. ROSE,<br><br>    Plaintiff,<br><br>  v.<br><br>FRESNO FOOD CONCEPT, INC. dba Perkos Café 187 Selma Food Co., MALIBU FOOD CONCENT 101, INC. dba Seven Bar and Grill,<br><br>    Defendants. | Case No.: 1:22-cv-00180-AWI-BAM<br><br>**ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>(Doc. 3) |

  Currently before the Court is a petition seeking to appoint Tiffany Fletcher as guardian ad litem for Plaintiff Patricia A. Rose, which was filed by counsel on February 11, 2022. (Doc. 3.)

  Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c) requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation." *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)).

///

///

1

Local Rule 202(a) of this Court further states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

Here, the petition requests that Tiffany Fletcher be appointed as guardian ad litem for her mother, Plaintiff Patricia A. Rose.[1] Plaintiff is over the age of 18 and is currently represented to be incapacitated.  Plaintiff reportedly has spent several weeks in an Intensive Care Unit and now has a traumatic brain injury.  The instant action is to "seek damages from when [Plaintiff] was catastrophically injured when she fell." (Doc. 3.)  Tiffany Fletcher is characterized as demonstrating the competency required to represent Plaintiff's interests and she consents to act as guardian ad litem in this action. (*Id.*)  Additionally, but not dispositive, the petition indicates that Tiffany Fletcher has Durable Power of Attorney and Healthcare Power of Attorney for Patricia A. Rose.  The Court makes no determination based on the two pages of what purport to be a Power of Attorney attached to the petition.  (*Id.* at 3-4.)

Based on the foregoing, and for good cause, IT IS HEREBY ORDERED that Tiffany Fletcher is appointed in this action as guardian ad litem for Plaintiff Patricia A. Rose.

IT IS SO ORDERED.

Dated:   **March 17, 2022**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The petition identifies the Petitioner as "Natalee Rodriguez." (Doc. 3 at 1.)  However, this appears to be an error as the petition seeks to appoint Tiffany Fletcher as guardian ad litem for Plaintiff Patricia A. Rose.  There is no further reference to Natalee Rodriguez in the petition.  She also is not identified in the underlying complaint in this action. (*See generally* Docs. 1, 3.)