UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY FLETCHER as Guardian Ad Litem for PATRICIA A. ROSE,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO FOOD CONCEPT, INC. dba Perkos Café 187 Selma Food Co., MALIBU FOOD CONCEPT 101, INC., dba Seven Bar and Grill,<br><br>Defendants. | Case No.  1:22-cv-00180-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF DISABLED ADULT'S CLAIMS**<br><br>(Doc. 15)<br><br>FOURTEEN-DAY DEADLINE |

### I.     INTRODUCTION

On June 15, 2022, Tiffany Fletcher, as the appointed guardian ad litem for Patricia Rose, filed the instant petition for court approval of the settlement and compromise of claims against Defendant Malibu Food Concept 101, Inc. dba Seven Bar and Grill.  (Doc. 15.)  No opposition or objection to the petition has been filed, and the time in which to do so has passed.

A telephonic hearing was held on July 15, 2022, before the Honorable Barbara A. McAuliffe.  Counsel Jeremy Dobbins appeared on behalf of Tiffany Fletcher, as Guardian Ad Litem for Patricia A. Rose.  Ms. Fletcher also appeared.  Counsel David Pollock appeared on behalf of Defendant Malibu Food Concept 101, Inc. dba Seven Bar and Grill.  At the hearing, the

1

1  Court directed Plaintiff to submit supplemental information in support of the petition.  On July
2  15, 2022, Plaintiff's counsel filed a declaration and supporting documents addressing the
3  following issues: (1) an explanation of the final Medicare lien in relation to the projected medical
4  billing; (2) reasonable assurances of how settlement funds will be managed; and (3) reporting that
5  is to take place to ensure proper management of funds.  (Doc. 17.)

6  Having considered the petition, the terms of the settlement, and the record in this matter,
7  including the supplemental declaration of Plaintiff's counsel, the Court finds that the proposed
8  settlement agreement is fair and reasonable.  For the reasons that follow, the Court will
9  recommend that the Petition for Approval of Settlement and Compromise of Disabled Adult's
10  Claims be approved and granted subject to a periodic accounting regarding disbursement of the
11  net settlement proceeds.

## II.    BACKGROUND

Plaintiff Tiffany Fletcher, as Guardian Ad Litem for Patricia A. Rose, initiated this action on February 11, 2022, against Defendant Malibu Food Concept 101, Inc. dba Seven Bar and Grill and Defendant Fresno Food Concept, Inc. dba Perkos Café 187 Selma Food Co.[1]  (Doc. 1, Compl.)  Plaintiff asserted claims for violation of the Americans with Disabilities Act of 1990, California's Unruh Civil Rights Act (California Civil Code §§ 51, et seq.), California's Disabled Persons Act (California Civil Code §§ 54 et seq.), and negligence arising out of an incident on June 17, 2021.  Plaintiff voluntarily dismissed Defendant Fresno Food Concept, Inc. dba Perkos Café 187 Selma Food Co. on March 15, 2022.  (See Docs. 6, 9.)

In her complaint, Plaintiff alleged that on June 17, 2021, Ms. Rose was patronizing Seven Bar and Grill.  As Ms. Rose was leaving the restaurant, she fell down "uneven and non-compliant stone stairs." (Compl. at ¶ 7.)  Ms. Rose was "badly injured," with the immediate impact believed to have been to her head, causing her a severe traumatic brain injury.  Ms. Rose also sustained a laceration to the right side of her head requiring staples, internal and external bleeding in her brain, severe bruising on her right buttock and right hip, various bruises and scrapes on her right

---

[1] On March 17, 2022, the Court appointed Tiffany Fletcher as guardian ad litem for her mother, Patricia A. Rose.  (Doc. 8.)

hand and arm, and low back pain. (*Id.* at ¶ 8.)  Ms. Rose was taken to the hospital via ambulance and admitted to the ICU.  She spent several months in the hospital and allegedly "has lost her entire quality of life," including her independence, memory, and control of bodily functions. (*Id.* at ¶ 9.)  She also is unable to communicate effectively and continues with physical and speech therapy.

On June 15, 2022, Plaintiff filed the instant petition for court approval of a settlement and compromise of claims against Defendant Malibu Food Concept 101, Inc. dba Seven Bar and Grill (hereinafter "Defendant"). (Doc. 15.)  Plaintiff contends that Ms. Rose, age 81, spent several months in the hospital after the fall and sustained permanent brain damage. (*Id.* at 2.)

**Terms of Settlement**

Defendant has agreed to pay $4,000,000.00 to settle this action.  According to the petition, $1,400,000.00 of this amount is apportioned to Plaintiff's counsel, $570,339.01 is apportioned for medical bills, and $1,784.06 is apportioned to case costs, leaving the net settlement proceeds of $2,027,876.93 to be "paid to Tiffany Fletcher, Guardian Ad Litem for and on behalf of Patricia A. Rose, for the sole purpose of which is the future care and maintenance of [Ms. Rose]." (*Id.* at 15.)  The settlement agreement stipulates that payment will be disbursed as follows:

> First, a check made payable to the MEDICARE lienholder in the amount set forth in the final lien letter submitted by RELEASOR from the MEDICARE lienholder; and Second, the balance on the settlement amount to Jeremy M. Dobbins PC and Patricia A. Rose, by and through her Guardian ad Litem Tiffany Fletcher.  A dismissal with prejudice dismissing United States District Court, Eastern District of California, case #1:22-cv-00180-AWI-BAM in its entirety will be filed within 10 days after the settlement draft is served on RELEASORS.

(Doc. 15-2, Attachment 6, Settlement Agreement at ¶ 2.)

**III.   DISCUSSION**

**A.  Legal Standard**

No compromise or settlement of a claim by an incompetent person is effective unless it is approved by the Court.  Local Rule 202(b).  In actions in which the incompetent person is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1).  In all other actions, the petition for approval of a proposed

settlement or compromise must disclose, among other things, the following:

> the age and sex of the . . . incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court . . . .

Local Rule 202(b)(2).

Additionally, when, as here, the incompetent person is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

A petition for an incompetent's compromise is subject to the same Local Rule requirements as a petition for a minor's compromise. See L.R. 202; *S.W. v. Turlock Unified Sch. Dist.*, No. 1:20-cv-00266-DAD-SAB, 2022 WL 2133789, at *2 (E.D. Cal. June 14, 2022). Courts in this district therefore have considered the legal standards applicable to the settlement of an incompetent plaintiff's claims to be generally the same or nearly identical to that for claims of minors. *S.W.*, 2022 WL 2133789, at *2.

"District courts have a special duty to safeguard the interests of litigants who are minors or incompetent." *Lincoln Benefit Life Co. v. Rodriguez*, No. 219CV00467FLAPLAX, 2021 WL 3494647, at *2 (C.D. Cal. May 18, 2021), citing *Robidoux v. Rosengren*, 638 F.3d 1117, 1181 (9th Cir. 2011) and Fed. R. Civ. P. 17(c). This special duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (citation omitted). In *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in

1  denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

2  *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal

3  claims. *Id.* at 1179 n. 2. However, district courts have applied this rule in the context of state law

4  claims. *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal.

5  May 23, 2018) (noting application of *Robidoux* to state law claims); *Frary v. Cty. of Marin*, No.

6  12-cv-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district

7  courts have found the *Robidoux* rule reasonable in the context of state law claims and have

8  applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well");

9  *see also Lobaton v. Cty. of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2

10 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district

11 court exercising supplemental jurisdiction over state law claims).

### B. Analysis

The petition explains that Ms. Rose is an 81-year-old female, and the action was filed by Tiffany Fletcher as her guardian ad litem. The claims to be compromised are: (1) Americans with Disabilities Act ("ADA"); (2) Unruh Civil Rights Act; (3) California Disabled Persons Act; and (4) Negligence (Negligence Per Se). (Doc. 15 at 3.) The petition further explains that on June 17, 2021, Ms. Rose was patronizing Seven Bar and Grill. Upon entering the restaurant, between approximately 11:00 a.m. and 11:25 a.m., Ms. Rose fell backwards down the stone stairs. Ms. Rose was badly injured from the fall, causing a severe head trauma and a traumatic brain injury, including internal and external bleeding in her brain. She also received severe bruising on her right buttock and right hip, various bruises and scrapes on her right hand and arm, and low back pain. She was taken to Community Regional Medical Center by ambulance and subsequently admitted to the intensive care unit. Ms. Rose spent several months in the hospital. She sustained permanent brain damage from this injury. She has lost her independence, memory, control of bodily functions, and the ability to communicate effectively. She has difficulties with speech, balance, and cognitive ability.

An inspection by a Certified Access Specialist revealed that on June 17, 2021, the premises were in a condition that denied access to Ms. Rose in violation of the ADA. This

condition resulted in "a nexus between (i) Ms. Rose's physical disabilities, (ii) a lack of code-compliant, adequate, and/or appropriate facility accessibility for disabled persons at the subject retail premises, and (iii) the injury sustained by Ms. Rose." (Doc. 15 at 2.)

At the time of the petition, Ms. Rose continued with physical and speech therapy, and a future plan of care will be developed with Ms. Rose's primary care physician. Ms. Rose's past due medical expenses include the following:

```
AMERICAN AMBULANCE:                       $2,452.00
UNIVERSITY FACULTY ASSOCIATES:            $528.00
COMMUNITY MEDICAL IMAGING:                $6,324.00
COMMUNITY REGIONAL MEDICAL CENTER:        $561,035.01
```

Her total past medical expenses amount to **$570,339.01**. (Doc. 15 at 3 and Attachment 3; Doc. 17, Ex. A.)

Plaintiff is represented by Jeremy M. Dobbins of the Law Office of Jeremy M. Dobbins. Mr. Dobbins was retained in approximately July 2021, and he has represented Plaintiff throughout this litigation. The contingency retainer agreement with counsel provides for 35% of the recovery after the filing of a lawsuit.   (Doc. 15-1, Attachment 5.)  There is no indication that counsel has received attorney's fees or other compensation to date. (Doc. 15 at 4.)

According to the declaration of Plaintiff's counsel, Plaintiff sent a policy limits demand to the defendant on May 3, 2022. On May 25, 2022, the defendant met the policy limits demand and tendered the underlying limits of a liability policy of $1,000,000.00 and the policy limits of an umbrella policy for $3,000,000.00. (Doc. 15 at 8, Declaration of Jeremy M. Dobbins at ¶¶ 8-9.) The parties entered into a settlement agreement and release of claims on June 15, 2022. (Doc. 15-1, Attachment 6, Settlement Agreement.)   As indicated above, Defendant has agreed to pay $4,000,000.00 to settle this action, apportioned as follows:

```
Attorneys' Fees:                            $1,400,000.00
Medical Bills (before reduction and liens): $570,339.01
Case Costs:                                 $1,784.06[2]
```

The net settlement proceeds of $2,027,876.93 would then be "paid to Tiffany Fletcher,

---

[2]   Doc. 15-1, Attachment 4.

Guardian Ad Litem for and on behalf of Patricia A. Rose, for the sole purpose of which is the future care and maintenance of [Ms. Rose]." (Doc 15 at 5.)  In addition to serving as the court-appointed guardian ad litem, Tiffany Fletcher is designated as Ms. Rose's agent in a Durable Power of Attorney for Financial Decisions and in a Health Care Directive and Durable Power of Attorney for Health Care for Ms. Rose.  (Doc. 15-1, Attachment 7, Durable Power of Attorney for Financial Decisions; Attachment 8, Health Care Directive and Durable Power of Attorney for Health Care.)  The Durable Power of Attorney for Financial Decisions specifically states that the designated agent may "receive money or other thing of value paid in settlement of or as proceeds of a claim or litigation." (Doc. 15-1, Attachment 7 at ¶ E.)  Tiffany Fletcher also is named as the personal representative in Ms. Rose's Last Will and Testament.  (*Id.*, Attachment 9.)

Further, Plaintiff's counsel reports that he will work with Ms. Fletcher on the following: (1) to obtain an in-home health care plan with the primary care physician; (3) to be advised by a Financial Planner to manage settlement funds to primarily provide care to Ms. Rose according to her needs within the parameters set by the court; and (3) to obtain a third-party Certified Public Accountant to keep track of funds and provide quarterly reporting for the court starting September 31, 2022, and at the end of every quarter thereafter until September 31, 2024.  (Doc. 17, Declaration of Jeremy Dobbins at ¶¶ 8-10.)

Based on the foregoing, the Court finds the settlement fair and reasonable.  The method of disbursement also appears fair and reasonable, subject to the following parameters: (1) the net settlement proceeds be used for the sole purpose of providing future care and maintenance of Ms. Rose; and (2) Ms. Fletcher provide quarterly reporting to the Court verifying disbursement of the net settlement proceeds for the care and maintenance of Ms. Rose beginning on September 30, 2022, and at the end of every quarter thereafter until September 30, 2024.

**IV.     CONCLUSION AND RECOMMENDATION**

For the reasons stated, IT IS HEREBY recommended as follows:

1. The petition for approval be granted;
2. The terms of the settlement, including payment of attorneys' fees and costs, the medical liens and bills, and payment to Tiffany Fletcher be approved as fair and

reasonable; and

3. Guardian Ad Litem Tiffany Fletcher be ordered to provide quarterly reports to the Court verifying disbursement of the net settlement proceeds for the care and maintenance of Ms. Rose beginning on September 30, 2022, and at the end of every quarter thereafter until September 30, 2024.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. W*ilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  To expedite the matter, if the parties have no objections, then the parties may each file a statement of non-objection before expiration of the fourteen-day period.

IT IS SO ORDERED.

Dated: **July 18, 2022**                             /s/ Barbara A. McAuliffe            _
                                                                                        UNITED STATES MAGISTRATE JUDGE